1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7           **SOUTHERN DISTRICT OF CALIFORNIA**

8

9  | JAMES D. HEALD,                          | CASE NO. 11CV904 JLS (NLS)

10 |                              Plaintiff,  | **ORDER (1) GRANTING**
                                             **DEFENDANTS' MOTION TO**
11 |    vs.                                   **DISMISS PLAINTIFF'S**
                                             **COMPLAINT; AND (2) DENYING**
12 |                                         **AS MOOT DEFENDANTS'**
                                             **MOTION TO STRIKE PORTIONS**
13 | NATIONAL CITY MORTGAGE; PNC             **OF PLAINTIFF'S COMPLAINT**
     MORTGAGE; et al.,
14 |                              Defendants.  (ECF No. 2)

15

16          Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint and

17  motion to strike portions of Plaintiff's complaint.  (Mot. to Dismiss, ECF No. 2)  Also before the

18  Court is Plaintiff James D. Heald's ("Plaintiff") response in opposition, (Resp. in Opp'n, ECF No.

19  6),[1] and Defendants' reply in support, (Reply in Supp., ECF No. 7).  Having considered the

20  parties' arguments and the law, Defendants' motion to dismiss is **GRANTED** and Defendants'

21  motion to strike is therefore **DENIED AS MOOT**.

22

23  _____

24      [1] As Defendants point out in their reply brief, Plaintiff's opposition was untimely.  (Reply in
    Supp. 2, ECF No. 7)  This Court issued a briefing schedule in its May 13, 2011 Order setting May 23,
25  2011 as the date of filing for Plaintiff's response, and noting that the hearing date on the motion was
    set for June 24, 2011.  (Order, May 13, 2011, ECF No. 3)  Although the Court notes that Plaintiff's
    opposition was filed on June 3, 2011 and was therefore not in compliance with this Court's Order,
26  because the opposition was nevertheless filed within the time for filing an opposition prescribed by
    Civil Local Rule 7.1.e.2, and because Defendants had adequate time and opportunity to file their reply,
27  the Court will consider Plaintiff's opposition in deciding this motion.  *See* Civil Local Rule 7.1.e.2
    (noting that any response in opposition should be filed "not later than fourteen (14) *calendar* days
28  prior to the noticed hearing").  Plaintiff is admonished, however, that any future failures to comply
    with this Court's orders may result in penalties.

**BACKGROUND**

**1. Factual Background**

In November 2007, Plaintiff obtained a loan from Defendants in the amount of $417,000.00 in connection with his purchase of a single family residence in San Diego County, California. (Compl. ¶¶ 13–15, ECF No. 1-1)  Though Plaintiff was led to believe that he was merely executing loan documents, (*id.* ¶ 15), Plaintiff alleges that the documents he signed "contain[ed] small and hidden and/or disguised provisions which were not explained and do not show acknowledgment of understanding and acceptance from Plaintiff," (*id.* ¶ 21), and that in fact the Deed of Trust securing the loan acts as a cognovit note "to the sole detriment and subsequent depravation of Plaintiff and his rightful possession of property," (*id.*).  At the time of entering into these agreements and throughout the entire life of the loan, Defendants allegedly made false and fraudulent representations to Plaintiff. (*Id.* ¶¶ 29–38)

Some time after these events, Plaintiff alleges that "a severance of the ownership and possession of the original Note and Deed of Trust . . . occurred," and therefore, because the true owner and holder are unknown, "defendants cannot legally foreclose." (*Id.* ¶ 24)

**2. Procedural Background**

Plaintiff filed this action on March 22, 2011 in the San Diego County Superior Court of the State of California. (Compl., ECF No. 1-1)  Soon thereafter, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(b) because (1) the parties are completely diverse and the amount in controversy exceeds $75,000.00, or, alternatively (2) Plaintiff's complaint alleges a violation of federal law and as such this Court has federal question jurisdiction. (Not. Removal 2, ECF No. 1)

On May 6, 2011, Defendants filed the instant motion to dismiss and motion to strike. (Mot. to Dismiss, ECF No. 2)  Plaintiff responded on June 3, 2011, (Resp. in Opp'n, ECF No. 6), and Defendants replied on June 6, 2011, (Reply in Supp., ECF No. 7).  The hearing set for the motion was thereafter vacated, and the matter was taken under submission on the papers. (Order, June 20, 2011, ECF No. 8)

//

1

**LEGAL STANDARD**

2      Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

3  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

4  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

5  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

6  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

7  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

8  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949

9  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a

10  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

11  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

12  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a

13  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

14  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

15      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

16  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

17  550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

18  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must

20  be probable, but there must be "more than a sheer possibility that a defendant has acted

21  unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

22  entitlement to relief. *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept

23  as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific

24  analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation

25  omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

26  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

27  entitled to relief.'"  *Id.*  Moreover, "for a complaint to be dismissed because the allegations give

28  rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."

                  

1    *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

2         Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

3    determines that the allegation of other facts consistent with the challenged pleading could not

4    possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

5    1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

6    1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

7    amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

8                                          **ANALYSIS**

9         Plaintiff alleges five claims in his complaint: (1) misrepresentation and fraud; (2) wrongful

10   foreclosure; (3) quiet title; (4) unfair business practices under California Business and Professions

11   Code § 17200, *et seq.*; and (5) RICO statute violations, 18 U.S.C. § 1961.  (Compl., ECF No. 1-1)

12   Defendants move to dismiss each of these claims for failure to allege sufficient facts to state a

13   claim, and also challenge "Plaintiff's foundational argument that the subject deed of trust is a

14   cognovit."  (Mot. to Dismiss 4, ECF No. 2)  Finally, Defendants move to strike Plaintiff's claim

15   for punitive damages, (*id.* at 10–11), Plaintiff's request for a preliminary injunction, (*id.* at 12),

16   and Plaintiff's claim for rescission, (*id.* at 12–13).  The Court considers each of Defendants'

17   arguments in turn.

18   **1. Cognovit Note**

19        Plaintiff alleges that the Deed of Trust contained hidden provisions that were neither

20   explained by Defendants nor acknowledged by Plaintiff, and that in reality the Deed of Trust is a

21   cognovit note.  (Compl. ¶ 21, ECF No. 1-1)  Defendants argue that the Court should reject

22   Plaintiff's contention that the Deed of Trust is a cognovit because it "includes nothing more than a

23   power of sale clause."  (Mot. to Dismiss 4, ECF No. 2)

24        To begin,

25        "The cognovit is the ancient legal device by which the debtor consents in advance
          to the holder's obtaining a judgment without notice or hearing, and possibly even
26        with the appearance, on the debtor's behalf, of an attorney designated by the
          holder." . . .
27
          In the states which permit its use, the cognovit note "authorizes an attorney to
28        confess judgment against the person or persons signing it.  It is written authority
          of a debtor and a direction by him for the entry of a judgment against him if the

                                              - 4 -

1
2
> obligation set forth in the note is not paid when due . . . It cuts off every defense which the maker of the note may otherwise have.  It likewise cuts off all rights of appeal from any judgment taken on it."

3    *FDIC v. Aaronian*, 93 F.3d 636, 637 (9th Cir. 1996) (second alteration in original) (quoting *D.H.*

4    *Overmyer Co., Inc. of Ohio v. Frick*, 405 U.S. 174, 176 & n.2 (1972)).

5          Here, Plaintiff has neither attached the Deed of Trust as an exhibit to the complaint nor

6    quoted or summarized the clause or clauses that he contends "operate" as a cognovit note.[2]

7    Plaintiff's allegation of the existence of a cognovit is based on his ambiguous assertion that "[a]s a

8    result" of the "hidden and/or disguised provisions," the "Deed of Trust operates as a Cognovit

9    Note."  (Compl. ¶ 21, ECF No. 1-1 (emphasis omitted))  However, a cognovit does not simply

10   arise by virtue of a defendant's fraudulent conduct, but rather is a distinct legal device requiring

11   both parties' consent.  *See D.H. Overmyer Co.*, 405 U.S. at 176 & n.2.  Thus, Plaintiff has not

12   alleged sufficient facts supporting the existence of a cognovit; to the extent that any of Plaintiff's

13   claims of relief are based upon the existence of a cognovit, those claims must be dismissed.

14         Moreover, to the extent that, as Defendants posit, Plaintiff is contending that the power-of-

15   sale clause in the Deed of Trust—which would allow Defendants to sell Plaintiff's property in the

16   event that Plaintiff defaulted on his loan—constitutes a cognovit, Plaintiff is mistaken.  Several

17   district courts within the Ninth Circuit have previously held that a power of sale clause is not a

18   cognovit, and this Court agrees.  *See, e.g.*, *Dotson v. Metrociti Mortgage*, No. 10-3484, 2011 U.S.

19   Dist. LEXIS 97754, at *13 (E.D. Cal. Aug. 30, 2011) (dismissing the case without leave to amend

20   after concluding that the power-of-sale clause is not a cognovit); *Myers v. Bank of Am., N.A.*, No.

21   10-00003, 2011 U.S. LEXIS 50468, at *11 (C.D. Cal. Mar. 2, 2011) ("A non-judicial power-of-

22   sale clause in a deed of trust is entirely distinct from cognovit note or a confession of judgment

23   and does not raise federal due process concerns." (citing Cal. Civ. Proc. Code §§ 1132–1134,

24   2920, *et seq.*)); *Geist v. Onewest Bank*, 2010 U.S. Dist. LEXIS 81077, No. 10-1879, at *12–14

25   (N.D. Cal. Aug. 9, 2010) ("In short, the power of sale clause is not a cognovit." (citation omitted)).

26   //

27
28
> [2] Plaintiff alleges that a copy of the document "is presently not available to Plaintiff, inasmuch as the at the time of his purported execution of said Promissory Note he was not provided a copy thereof, nor was one provided to him thereafter."  (Compl. ¶ 15, ECF No. 1-1)

## 2. Misrepresentation and Fraud

Plaintiff's first claim for "misrepresentation and fraud" is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Neilson v. Union Bank, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Under this rule, Plaintiff must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The allegations of fraud must "be 'specific' enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Namely, these allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

To state a claim for misrepresentation or fraud  under California law Plaintiff must plead "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'"  *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 n.4 (Cal. 1995) (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)).

As to the element of misrepresentation, Plaintiff alleges that Defendants "knowingly and intentionally concealed material information," including

> the final exact interest rate set forth in the Promissory Note; how and when any adjustments to that interest rate and the recurring monthly payment would occur; what index or basis would be used for calculating any such interest rate adjustments, nor what the effect of any negative amortization would be; the negative effect to his home equity in the event that the scheduled or option ARM monthly payments were not sufficient to pay all accruing interest, resulting in an ever increasing balance owing on the loan and the eventual total dissipation of Plaintiff's home equity.

(Compl. ¶ 30, ECF No. 1-1)  Although this level of specificity as to *what* information was allegedly concealed may be sufficient to satisfy Rule 9(b), Plaintiff fails to supplement these allegations with any indication of who was responsible for concealing this information or when,

1   where, or how it occurred. *See Vess*, 317 F.3d at 1106. Without more information regarding the

2   alleged concealment, however, Defendants cannot adequately defend against the allegation

3   because all they can do is merely "deny that they have done anything wrong." *Id.* (quoting *Bly-*

4   *Magee*, 236 F.3d at 1019). This is exactly the type of inadequacy that the specificity requirements

5   of Rule 9(b) guard against.

6        Moreover, Plaintiff alleges that Defendants made false representations, but fails to identify

7   what those false representations consisted of, instead merely stating that "[t]he true facts were that

8   Plaintiff was deceived into unknowingly signing a cognovit note, waiving his equitable rights to

9   ownership of his property, without warning and just compensation for waiving his said rights."

10  (Compl. ¶ 31, ECF No. 1-1) Identifying the "true facts" without alleging any "false facts"

11  represented by the Defendants is insufficient under either Rule 9(b) or 8(a).

12       Thus, because Plaintiff has failed to allege sufficient facts to state a claim for

13  misrepresentation or fraud, the Court **GRANTS** Defendants' motion to dismiss this claim.[3]

14  Plaintiff's claim for misrepresentation and fraud is **DISMISSED WITHOUT PREJUDICE**.

15  **3. Wrongful Foreclosure**

16       To the extent that Plaintiff's wrongful foreclosure claim is based on his claim that the Deed

17  of Trust "proceed[s] as a cognovit note," (Compl. ¶ 41, ECF No. 1-1), it necessarily fails because

18  the Court has already concluded that Plaintiff failed to allege sufficient facts of the existence of a

19  cognovit, *see supra* at 5–6.

20       Alternatively, to the extent that Plaintiff's wrongful foreclosure claim is based on the fact

21  that Defendants do not possess the "genuine original" promissory note, allonge, or deed of trust it

22  necessarily fails as well. (*See* Compl. ¶¶ 45–53, ECF No. 1-1) California does not require

23

24       [3] Having found that Plaintiff has failed to allege sufficient facts to establish one of the essential
     elements of a claim for fraud—namely, misrepresentation—the Court will not consider whether the
25   other elements have been sufficiently alleged, and makes no final judgment as to their presence or
     absence in the complaint.
26       In his opposition brief, Plaintiff does not address whether he has alleged sufficient facts of
     misrepresentation under Rule 9(b), instead focusing on his allegations regarding the element of
27   justifiable reliance. (*See* Resp. in Opp'n 7–8, ECF No. 6) Plaintiff notes, however, that he is "in the
     process of assembling more evidence in support of all [his] claims, including the cause of action for
28   fraud," urging the Court to consider granting leave to amend should it grant Defendants' motion to
     dismiss. (*Id.* at 8)

possession of the original note before initiating a foreclosure.  *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("California law does not require possession of the [original] note as a precondition to non-judicial foreclosure under a deed of trust." (internal quotation marks omitted)); *Quintero Family Trust v. OneWest Bank, FSB*, No. 09-1561, 2010 U.S. Dist. LEXIS 6618, at *20–21 (S.D. Cal. Jan. 27, 2010) (rejecting a wrongful foreclosure claim because producing an original note is not a prerequisite to foreclosure in California).

Moreover, California's "tender rule" bars this claim.  *See Guerrero v. Greenpoint Mortg. Funding, Inc.*, 403 F. App'x 154, 157 (9th Cir. 2010) (holding that plaintiffs lacked standing to bring a wrongful foreclosure claim because they did not allege "actual, full, and unambiguous tender" of the debt owed on the mortgage); *Lofgren v. Nat'l City Mortg., Inc.*, No. 10-1644, 2011 U.S. Dist. LEXIS 3358, at *4–5 (S.D. Cal. Jan. 11, 2011) (granting defendant's motion to dismiss plaintiff's wrongful foreclosure claim for failure to allege tender).  As discussed *infra*, Plaintiff has not alleged that he is able to tender the amount of his indebtedness.  Thus, Plaintiff's wrongful foreclosure claim fails for this reason as well.

Finally, the Court notes that Plaintiff failed to provide any argument in his opposition regarding Defendants' motion to dismiss his claim for wrongful foreclosure.[4]  Thus, for the reasons stated above and because Plaintiff does not oppose Defendants' motion to dismiss on this basis, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for wrongful foreclosure; the claim is **DISMISSED WITHOUT PREJUDICE**.

**4.  Quiet Title**

Plaintiff's third claim seeks to quiet title to the property.  (Compl. ¶¶ 61–66, ECF No. 1-1)  Plaintiff asserts that "Defendants have no legal or equitable right, claim, or interest in [the] property," (*id.* ¶ 63), but that Defendants nevertheless "allege ownership, and claim an interest in the property adverse to Plaintiff," (*id.* ¶ 64).  Thus, "Plaintiff seeks a declaration that the title to the Subject Property is vested in Plaintiff alone to quiet title against the other claimants."  (*Id.* ¶ 65)

---

[4] The Court also notes that Plaintiff has excluded its wrongful foreclosure claim from its proposed amended complaint, which is attached as an exhibit to Plaintiff's Response in Opposition. (*See* Ex. 1 at 1, ECF No. 6)

1    Quiet title claims may establish title against adverse claims to real property or any interest

2    therein.  Cal. Civ. Proc. Code § 760.020.  A complaint alleging such a claim must be verified and

3    include (1) a description of the property, (2) the basis for plaintiff's title, (3) the adverse claim or

4    claims to title, (4) the date as of which the determination is sought, and (5) a prayer for

5    determination of plaintiff's title against the adverse claims.  *Id.* § 761.020.

6    The Court finds that this claim must be **DISMISSED** because Plaintiff has not alleged that

7    he is able to tender the amount of his indebtedness.  Under California's "tender rule," "a

8    mortgagor cannot quiet title against the mortgagee without paying the debt secured."  *Shimpones v.*

9    *Stickney*, 28 P.2d 673, 678 (Cal. 1934); *see also Mehta v. Wells Fargo Bank*, 737 F. Supp. 2d

10   1185, 1206 (S.D. Cal. Aug. 26, 2010) (Sammartino, J.) (dismissing the quiet title claim because

11   the plaintiff failed to allege tender); *Kozhayev v. Am.'s Wholsale Lender*, No. 09-2841, 2010 U.S.

12   Dist. LEXIS 77553, at *12–13 (E.D. Cal. Aug. 2, 2010) (same); *Karlsen v. Am. Sav. & Loan*

13   *Ass'n*, 92 Cal. Rptr. 851, 854 (Cal. Ct. App. 1971).  Here, Plaintiff does not allege that he has

14   tendered the balance owing on the note, or that he is able to do so.  Absent this key offer, the Court

15   must **DISMISS** this claim **WITHOUT PREJUDICE**.

16   Plaintiff contends that he should be excused from the tender requirement.  (Resp. in Opp'n

17   8, ECF No. 6)  Though Plaintiff lists several exceptions to the tender rule, he does not indicate

18   which one or ones should apply to the instant case.  (*See id.*)  The Court finds that none of

19   Plaintiff's proposed exceptions apply: Plaintiff does not allege in his complaint and provides no

20   supporting argument in his opposition brief that Defendants "lulled [Plaintiff] into not paying,"

21   (*id.* (citing *McCue v. Bradley*, 84 P. 993, 994–95 (Cal. 1906)); that "payment could be construed

22   as a waiver of the right to rescind," (*id.* (citing *Stockton v. Newman*, 307 P.2d 56, 61 (Cal. Ct. App.

23   1957)); or that "nothing is due" on the loan, (*id.* (citing *Hauger v. Gates*, 269 P.2d 609 (Cal.

24   1954)).  Thus, even assuming that these exceptions are tenable, Plaintiff has failed to invoke any

25   of them here.

26   //

27   //

28   //

**5. Unfair Business Practices, Cal. Business and Professions Code § 17200, *et seq.***

Plaintiff's fourth claim for relief is for unfair business practices in violation of California Business and Professions Code § 17200, *et seq*. ("Unfair Competition Law" or "UCL"). California's UCL prohibits acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200; *see also In re Pomona Valley Medical Grp. Inc.*, 476 F.3d 665, 674 (9th Cir. 2007).  "Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr. 2d 89, 98 (Cal. Ct. App. 1996).  In the instant case, Plaintiff's complaint identifies the following unlawful, unfair, or fraudulent business practices: "[I]nducing Plaintiff to enter into a purported agreement based on Defendants' fraudulent representations, slandering Plaintiff's title in the Subject Property, and deceiving Plaintiff through unlawful false advertising."  (Compl. ¶ 68, ECF No. 1-1); (*see also id.* ¶¶ 69–70)

*A. Unlawful Business Practice*

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200, *et seq.* and subject to the distinct remedies provided thereunder."  *Farmers Ins. Exch. v. Super. Ct. of L.A. County*, 826 P.2d 730, 734 (Cal. 1992) (citation omitted); *see also Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  A business practice that violates almost any federal, state, or local law is an "unlawful practice" under section 17200 and thereby may serve as the basis for a UCL claim.  *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007); *Saunders v. Super. Ct. of L.A. County*, 33 Cal. Rptr. 438, 441 (Cal. Ct. App. 1994).

In the instant case, Plaintiff can state a UCL claim if he can state a claim under a "borrowed" law.  *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (finding that the alleged conduct "must violate a law . . . in order for Plaintiffs to state a claim for relief under Section 17200' s 'unlawful' prong").  Here, Plaintiff's complaint does not identify what "borrowed" law he purports to state a UCL claim under.  In his opposition brief,

however, Plaintiff claims that because he has stated a claim for misrepresentation and fraud, he has sufficiently pleaded an "unlawful practice" under the California UCL.  (Resp. in Opp'n 9, ECF No. 6)  However, the Court has already concluded that Plaintiff failed to allege sufficient facts of misrepresentation and fraud.  *See supra* at 6–8.  Thus, the Court finds that the complaint does not adequately state an "unlawful practice" under section 17200 to serve as the basis for a UCL claim.

**B. Unfair Business Practice**

Even if a practice is not "unlawful," it may still be "unfair."  *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999).  In *Cel-Tech*, the California Supreme Court held that conduct is "unfair" between business competitors only if it is "tethered" to an underlying law.  *Id.* at 544; *see also In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 667 (S.D. Cal. 2010).  Specifically, in interpreting the unfairness prong, the California Supreme Court stated the following:

> [T]o guide the courts and the business community adequately and to promote consumer protection, we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition. . . . [T]he word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Cal-Tech*, 973 P.2d at 544.

Here, Plaintiff has not alleged any act that would be an "incipient violation of an antitrust law."  Though Plaintiff argues that "[i]t is clearly unethical and substantially injurious to consumers for a loan servicer to, among other things, charge a higher interest rate than represented and promised to Plaintiff, to omit and fail to disclose information about the loan, and to foreclose upon a home when the true owner of the Deed of Trust and Note are unknown," none of these acts threaten antitrust violations and thus are better suited to the UCL's fraudulent business practice prong.  Accordingly, the Court finds that Plaintiff's complaint does not adequately state an "unfair practice" under section 17200 to serve as the basis for a UCL claim.

//

//

//

1    *C. Fraudulent Business Practice*

2         "Fraud is not an essential element of a claim under [the UCL]," but that does not mean that

3    Rule 9(b)'s heightened pleading requirements never apply to such claims.  *Vess*, 317 F.3d at 1103.

4    With regard to the application of Rule 9(b) in claims pursuant to section 17200, the Ninth Circuit

5    has stated the following:

6         In cases where fraud is not a necessary element of a claim, a plaintiff may choose
          nonetheless to allege in the complaint that the defendant has engaged in
7         fraudulent conduct.  In some cases, the plaintiff may allege a unified course of
          fraudulent conduct and rely entirely on that course of conduct as the basis of a
8         claim.  In that event, the claim is said to be "grounded in fraud" or to "sound in
          fraud," and the pleading of that claim as a whole must satisfy the particularity
9         requirement of Rule 9(b).
          . . .
10
          In other cases, however, a plaintiff may choose not to allege a unified course of
11        fraudulent conduct in support of a claim, but rather to allege some fraudulent and
          some non-fraudulent conduct.  In such cases, only the allegations of fraud are
12        subject to Rule 9(b)'s heightened pleading requirements.

13   *Id.* at 1103–04.

14        In addition to satisfying Rule 9(b), if applicable, all allegations under section 17200 must

15   "state with reasonable particularity the facts supporting the statutory elements of the violation."

16   *Khoury v. Maly's of California, Inc.*, 17 Cal. Rptr. 2d 708, 712 (1993).  Under the "fraudulent

17   practice" prong of section 17200, "[t]his merely requires allegations that the public is likely to be

18   deceived and, to the extent injunctive relief is sought, that the complainant suffered actual injury."

19   *Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1218 (S.D. Cal. 2007).

20        Here, the Court finds that Plaintiff's complaint "sounds in fraud."  Plaintiff alleges that

21   Defendants' actions were "aimed at deceiving Plaintiff before and during the loan process,"

22   (Compl. ¶ 69, ECF No 1-1); that Defendants' "officers, employees, and agents" "failed to disclose

23   that the interest rate actually charged on this loan was higher than the rate represented and

24   promised to Plaintiff," and "concealed, omitted, and/or otherwise failed to disclose information,"

25   (*id.*); and that Defendants "failed to disclose the true variable nature of interest rates on adjustable

26   rate mortgage loans and adjustable rate home equity loans" and "failed to properly disclose th[e]

27   values of the property and their concerns of such an overinflated house price, (*id.*).  Accordingly,

28   the Court concludes that the heightened pleading requirements apply to Plaintiff's claims in their

entirety.  *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) (applying

Rule 9(b) to the plaintiffs' claims pursuant to section 17200 where the court found that the

allegations were based on a "unified course of fraudulent conduct").

As with Plaintiff's claim for misrepresentation and fraud, the Court finds that these

allegations are insufficient to satisfy Rule 9(b)'s heightened pleading standards.  Plaintiff does not

identify which of Defendants' "officers, employees, and agents" were responsible for the allegedly

deceptive actions, what the allegedly false representations were or what information was

concealed, or when these actions occurred (other than the broad assertion that the deceptive

practices occurred "before and during the loan process").  Thus, the Court finds that Plaintiff's

allegations are insufficient to state a "fraudulent practice" under section 17200 to serve as the basis

for a UCL claim.

Because the Court concludes that Plaintiff's complaint fails to state a claim for unlawful,

unfair, or fraudulent business practices under section 17200, Defendants' motion to dismiss

Plaintiff's fourth claim for relief is **GRANTED**.

**6.  RICO Statute Violations, 18 U.S.C. § 1961**

Plaintiff raises his final cause of action under 18 U.S.C. §§ 1961, *et seq.*, the Racketeer

Influenced and Corrupt Organizations Act ("RICO").  (Compl. ¶¶ 72–79, ECF No. 1-1)  The RICO

Act prohibits certain conduct involving a "pattern of racketeering activity," and makes a private

right of action available to "[a]ny person injured in his business or property by reason of a

violation" of RICO's substantive restrictions, provided that the alleged violation was the

proximate cause of the injury.  *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268

(1992).  Plaintiff's RICO claims are based on violations of § 1962(a) and § 1962(c).  (*See* Compl.

¶¶ 74–75, ECF No. 1-1)  Section 1962(a) prohibits investment of income derived "from a pattern

of racketeering activity or through collection of an unlawful debt" in "any enterprise which is

engaged in, or the activities of which affect, interstate or foreign commerce."  *Id.* § 1962(a).

Section 1962(c) states that no one "employed by or associated with any enterprise" may conduct

the "enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

*Id.* § 1962(c).

1    To the extent that Plaintiff's fifth claim for RICO violations is predicated on fraudulent

2  conduct in that Plaintiff alleges that Defendants "compromise a group of corporations associated

3  in fact to defraud and profiteer from individual borrowers through the use of intentional

4  nondisclosure, material misrepresentation, and creation of fraudulent loan documents," (Compl.

5  ¶ 73, ECF No. 1-1), and asserts predicate acts including mail and wire fraud, among other

6  deceptive practices, (*id.* ¶ 76), the Court finds that Rule 9(b)'s heightened pleading standards apply

7  to Plaintiff's RICO allegations.  *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

8  2004) ("Rule 9(b)'s [heightened pleading requirement] . . . applies to civil RICO fraud claims.")

9  (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  Applying

10  Rule 9(b), the Court finds that Plaintiff's complaint is deficient.

11    First, the majority of Plaintiff's allegations are pleaded "on information and belief," and

12  are not otherwise supported by any independent factual basis.  (*See* Compl. ¶¶ 73–75, ECF No. 1-

13  1)  As such, the Court finds that Plaintiff's allegations are insufficient under Rule 9(b).  *See, e.g.*,

14  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (holding, in the RICO context, that "a

15  plaintiff who makes allegations on information and belief must state the factual basis for the

16  belief" (citations omitted)); *New England Data Servs., Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987)

17  (applying Rule 9(b) to a civil RICO claim and stating that allegations based on "information and

18  belief" are insufficient to satisfy Rule 9(b)'s particularity requirement).

19    Second, as with Plaintiff's misrepresentation and fraud claim and UCL fraudulent practices

20  claim, Plaintiff fails to identify with sufficient particularity "'the who, what, when, where, and

21  how' of the misconduct charged."  *Vess*, 317 F.3d at 1106 (quoting *Cooper*, 137 F.3d at 627)).  In

22  his allegations of mail fraud, for example, Plaintiff merely asserts that Defendants "us[ed] the

23  mails for sending out materials among themselves and to investors," without any information as to

24  who sent what mailings to whom and when.  (Compl. ¶ 76, ECF No. 1-1)  The other allegations

25  are in accord.  (*See id.*)

26    Third and finally, the Court notes that Plaintiff did not oppose Defendants' motion to

27  dismiss the RICO violations claim, and in fact dropped this claim from his proposed amended

28  complaint.  (*See* Resp. in Opp'n, ECF No. 6); (Ex. 1 at 1, ECF No. 6)  Thus, for the reasons stated

above and because Plaintiff does not oppose Defendants' motion to dismiss on this basis, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for violations of the RICO Act; the claim is **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety.[5]

**IT IS SO ORDERED**.

DATED:  November 10, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[5] Because the Court grants Defendants' motion to dismiss the entire complaint, it **DENIES AS MOOT** Defendants' motion to strike various portions of the complaint.